IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 29, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ M. Poff**
DEPUTY CLERK

| | |
|---|---|
| Dustin Travis Johnson, Sr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:26-cv-00021 |
| | ) |
| Dep Tomlin, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dustin Travis Johnson, Sr., an incarcerated pretrial detainee proceeding *pro se*, filed this action under 42 U.S.C. § 1983. This action is one of four related actions filed by Johnson to challenge various aspects of his arrest. In this action, Johnson complains that Defendant Deputy Tomlin arrested him based upon wrong information. (Dkt. 1 at 3.) Specifically, he claims that Tomlin obtained warrants for his arrest based upon his reliance on another officer's lies about Johnson's guilt. (*Id.*) Tomlin moved to dismiss this action, asserting that Johnson's claims fail to establish a plausible claim of entitlement to relief. (Dkt. 11.) The court agrees and will grant the motion to dismiss.

### I.    Background

Johnson's allegations in complaint are as follows: He contends that he was already under arrest[1] when Tomlin, working for Rockbridge County, took him before a magistrate

---

[1] In another pending action filed by Johnson, he contends that this initial arrest by Lt. Chris Young was wrongful. *Johnson v. Young*, No. 7:26-cv-0005 (W.D. Va. Jan. 5, 2026).

- 1 -

judge after he was interrogated to obtain another warrant for his arrest. (Dkt. 1 at 3.) He claims that Tomlin relied on the false information given to him by the original arresting officer, and that Tomlin thus presented lies about Johnson's guilt to the magistrate. (*Id.*) Johnson does not specify the alleged false information. Although Johnson does not state what rights he contends were violated by Tomlin's acts, Tomlin has interpreted the submission as asserting claims of false arrest and malicious prosecution under the Fourth Amendment to the United States Constitution. (Dkt. 12 at 2.) The court agrees with this interpretation, which Johnson did not challenge.

## II.    Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.    Analysis

In his opposition to the motion to dismiss, Johnson asks that the court not consider "extrinsic evidence" because a motion to dismiss should only consider the adequacy of the complaint's allegations. (Dkt. 16 at 14.) This is generally correct,[2] but the state court criminal records attached by Defendant are documents the court may consider on a motion to dismiss, and the court should consider them here because they are authentic and integral to Johnson's claims. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). In the Fourth Circuit, a district court may consider state court criminal records when considering a motion to dismiss. *See, e.g.*, *Moss v. Trent*, No. 7:23-cv-00110, 2025 WL 2550605, at *1 (W.D. Va. Sept. 4, 2025) (considering the "facts … taken from the complaint and state court records related to [the plaintiff's] arrest" in ruling on defendant police officers' Rule 12(b)(6) motion to dismiss plaintiff's § 1983 claims) (citing *Nat'l Ass'n of Immigr. Judges v. Owen*, 139 F.4th 293, 305 (4th Cir. 2025) and *Lolavar v. de Santibanes*, 430 F.3d 221, 224 & n.2 (4th Cir. 2005)); *see also Fusaro v. Cogan*, 930 F.3d 241, 245 n.1 (4th Cir. 2019) ("This Court takes judicial notice of the state court documents relating to Fusaro's prosecution, as the district court properly did.")

---

[2] "Generally, consideration of evidence extrinsic to the complaint converts a motion to dismiss into a motion for summary judgment." *White v. Marsh*, No. 2:13-cv-30533, 2014 WL 4418193, at *3 (S.D. W. Va. Sept. 8, 2014) (citing Fed. R. Civ. P. 12(d)).

(citing *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989)).  Accordingly, the court may properly consider the state court criminal records that are attachments to Defendant's motion to dismiss at Dkts. 12-1, 12-2 and 12-3 without converting the motion into one for summary judgment.

Turning to the substance of Johnson's claims, "[m]alicious prosecution and false arrest are related, but distinct claims."  *Wilson v. Town of Mt. Jackson*, No. 5:21-cv-00055, 2022 WL 819531, at \*5 (W.D. Va. Mar. 17, 2022) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996)).  "A claim for false arrest alleges that a warrantless arrest lacked probable cause."  *Id.* (quoting *Smith v. Munday*, 848 F.3d 248, 257 (4th Cir. 2017)).  "A claim for malicious prosecution alleges that a 'defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.'"  *Id.* (quoting *Hupp v. Cook*, 931 F.3d 307, 324 (4th Cir. 2019)).  A finding that a defendant law enforcement officer had probable cause at the time of the plaintiff's arrest requires the trial court to dismiss both Fourth Amendment claims of false arrest and malicious prosecution.  *Hupp*, 931 F.3d at 318–21 (false arrest); *id.* at 323–25 (malicious prosecution).

Here, Johnson's own allegations establish that Tomlin appeared before a magistrate judge and obtained warrants for the plaintiff's arrest before Tomlin arrested Johnson.  (Dkt. 1 at 3.)  Moreover, state court documents corroborate Johnson's allegations because they reflect that two felony Warrants of Arrest—one for a violation of Virginia Code § 18.2-91 and the other for a violation of Virginia Code § 18.2-95—were issued for Johnson by Magistrate Clay Ford on July 28, 2025, at 7:07 and 7:08 p.m. and executed by Tomlin at 7:11 p.m.  (Dkt. 12-1; *see also* Dkt. 16 at 3 (Johnson stating the same).)  Therefore, the false arrest claim fails.

*Potterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained.").

Likewise, Johnson's claim of malicious prosecution fails. To satisfy the second element of a malicious prosecution claim, Johnson must plead facts establishing that Tomlin seized him "pursuant to legal process unsupported by probable cause . . . . " *Hupp*, 931 F.3d at 324 (quoting *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012)). "[A]s a general matter, the fact that a neutral magistrate . . . issued the arrest warrant is the 'clearest indication that the officers acted in an objectively reasonable manner.'" *Jackson v. Carin*, 128 F.4th 525, 534 (4th Cir. 2025) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012)). That said, an arrestee "can challenge the probable cause finding by demonstrating that the affidavit filed to obtain the warrant . . . was false or misleading." *Jackson*, 128 F.4th at 534. "To mount such a challenge, the arrestee must 'make[] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.'" *Id.* (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). "He must also demonstrate materiality by showing that 'with the affidavit's false material set to one side, [its] remaining content [was] insufficient to establish probable cause.'" *Id.* (quoting *Franks*, 438 U.S. 156.) "He can show 'reckless disregard' by demonstrating that the affiant 'acted with a high degree of awareness of a statement's probable falsity, that is, when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Id.* (quoting *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007)). "'Reckless disregard' can also

be established by evidence that the officer 'failed to inform the judicial officer of facts he knew would negate probable cause.'" *Id.* (quoting *Miller*, 475 F.3d at 627).

In sum, to successfully challenge the validity of the Warrants of Arrest obtained by Tomlin and thereby satisfy the second element of his malicious prosecution claim (*i.e.,* that Tomlin's seizure of the plaintiff was pursuant to legal process that was unsupported by probable cause), Johnson must allege facts sufficient to show "(1) that [Tomlin] made false or misleading statements in the affidavit; (2) that the statements were made deliberately or with reckless disregard for the truth; and (3) that the statements were material to a demonstration of probable cause such that, when they are set aside, the remaining content was insufficient to establish probable cause." *Id.* (citations omitted). "Thus, '[t]he burden of making the necessary showing is . . . a heavy one to bear.'" *Id.* (quoting *United States v. Tate*, 524 F.3d 449, 454 (4th Cir. 2008)).

The allegations of Johson's complaint here are insufficient to carry his heavy burden to establish that the Warrants of Arrest were unsupported by probable cause. Johnson alleges that when Tomlin appeared before Magistrate Ford, Tomlin relied on allegedly false information received from another officer. (Dkt. 1 at 3.) Johnson's complaint does not state what that false information is, but an officer is entitled to rely upon information from another officer. *United States v. Hensley*, 469 U.S. 221, 231 (1985) (noting that "effective law enforcement cannot be conducted unless police officers can act on directions and information transmitted by one officer to another," and that it is unreasonable to expect officers to "cross-examine their follow officers about the foundation for the transmitted information" (quoting

- 6 -

*United States v. Robinson*, 536 F.2d 1298, 1299 (9th Cir. 1976))).  Johnson does not set forth any facts showing that Tomlin would have any basis to doubt any relayed information.

Additionally, Johnson's own allegations show that he cannot establish the third element of a malicious prosecution claim.  At the time of his filing, Johnson explained that the criminal proceedings against him were still pending.  (Dkt. 1 at 3.)  Thus, he cannot establish that the criminal proceedings were terminated favorably.  In fact, charges against Johnson are still pending and currently set for trial in August 2026.  (Rockbridge County Circuit Court Case Nos. CR25000611-00 and 612-00, available at https://eapps.courts.state.va.us/ocis/details.)  Any claim of malicious prosecution is thus premature because it has not yet accrued.  *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (holding that a § 1983 claim "for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiffs favor"); *see also McDonough v. Smith*, 588 U.S. 109, 123 (2019) (noting that, although the injury caused by a malicious prosecution claim occurs as soon as legal process is brought against a defendant, "favorable termination remains the accrual date"). For this additional reason, Johnson's malicious prosecution claim fails.

In Johnson's response to the motion to dismiss, (Dkt. 16), he relates new factual allegations, specifically titling a section of his response as "Expanding on Statement of the Case's and Material Facts of Allegations Again[]st Defendant JA Tomlin."  (Dkt. 16 at 2.)  Parties are, however, not permitted to expand upon their factual allegations through briefing.[3]

---

[3] "[I]t is . . . 'axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (quoting *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)); *Bell v. True Mfg. Co.*, No. 2:20-cv-00263, 2020 WL 10095356, at *3 (E.D. Va. Sept. 16, 2020) (rejecting new allegations and facts asserted in an opposition brief); *Hooker v. Disbrow*, No. 1:16-cv-001588, 2017 WL 1377696, at *4 (E.D. Va. Apr. 13, 2007) (refusing to consider new facts and claims raised in opposition to motion to dismiss because such "allegations were not contained in" the complaint).

Given Johnson's *pro se* status, however, the court has considered whether the addition of such facts through an approved amendment could present a viable claim.  Even were the court to consider the new allegations contained in Johnson's response, he still would fail to state a claim upon which relief could be granted against Tomlin.  A portion of the new facts alleged relate to claims against Officer Young, whose actions are the subject of a different case filed by Johnson, and Johnson does not allege that Tomlin was involved in the arrest by Officer Young.

The allegations that do mention Tomlin are either conclusory in nature or affirm facts that are dispositive of the defenses raised in the motion to dismiss.  Johnson explains that Tomlin took him from Botetourt County to Rockbridge County, interrogated him, took a DNA sample from him, and then went to see the magistrate judge, where he obtained warrants to arrest Johnson.  Johnson contends that there was an error on the warrants with regard what he believes was the location of his arrest.  (*Id.* at 4.)  He faults Tomlin for the address listed on the warrant, contending that it should have shown that he was already under arrest at the time of issuance.  (*Id.* at 4–5.)  In any event, any discrepancy about the place of arrest is not material to the critical issue of whether probable cause that a crime has been committed supported the arrest.  Further, the warrants indicate that the address (3416 Bluegrass Trail in Lexington) was listed merely as the residence of Johnson, not as the place of arrest.  (Dkt. 12-1.)  Therefore, none of the new allegations in Johnson's response would alter the court's conclusion that the complaint fails to establish a plausible entitlement to relief as a matter of law.

- 8 -

### IV.    Conclusion and Order

For the above-stated reasons, the court **GRANTS** Defendant's motion to dismiss, (Dkt. 11), and **DIRECTS** the Clerk to close this case.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Johnson.

**IT IS SO ORDERED**.

**ENTERED** this 29th day of June, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE